OTILIE MILLER, Appellant, *v.* JOSEPH MILLER, Respondent.

First Department, December 3, 1920.

Husband and wife — divorce — complaint containing allegations of adultery with named woman and also allegation of adultery with women unknown to plaintiff — proof establishing adultery with woman not named in complaint but within time set out in general allegation.

A decree of divorce should have been granted to the plaintiff where the complaint alleged the commission of adultery by the defendant with a named woman between stated dates and contained also a general allega-

tion that he committed adultery between said dates with certain women to the plaintiff unknown, where the proof shows that the defendant committed adultery between the dates stated in the general allegation with a woman who was not specifically named in the complaint, though it did not sustain the allegation that he committed adultery with the woman named.

APPEAL by the plaintiff, Otilie Miller, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of May, 1920, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint.

*O. H. Droege*, for the appellant.

—————— ——————, for the respondent.

DOWLING, J.:

This is an undefended action for a divorce. Upon the trial, plaintiff established that the defendant was living in adultery in the month of November, 1917, at 212 East Seventy-first street, in the city of New York, with a woman known as " Mary " whom he introduced as his wife. All the other necessary proof for a decree of divorce was given. The court, however, at the close of the case said: " Complaint dismissed on the ground that the proofs do not follow the allegations of the complaint; that the only adultery proved was that with one Mary, whereas the adultery declared upon was with one Julia, and that only allegations that serve as a sufficient basis for proof of misconduct are those that are predicated upon adultery committed in those three months in 1917."

It is quite true that the 4th paragraph of the complaint charges that during the months of October, November and December, 1917, the defendant " committed adultery with a certain woman whose christian name is Julia, in the city of New York and at various other places, which plaintiff is unable to state with more particularity," but the attention of the learned court was not called to the 3d paragraph of the complaint reading as follows: " Upon information and belief that since the 1st day of October, 1917, the defendant has committed adultery with certain women, whose names are unknown to plaintiff in the City of New York and at various times other places, which times and places plaintiff is unable to state with

more particularity." The proof furnished applies to a date within this allegation and satisfactorily establishes the same.

The judgment appealed from will, therefore, be reversed and judgment entered in favor of plaintiff that the bonds of marriage between herself and defendant be dissolved, but without costs either of the trial or of this appeal. No provision can be made for alimony as no proof was supplied which would warrant same in any amount.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Judgment reversed and judgment ordered in favor of appellant as directed in opinion, without costs of the trial or of this appeal. Settle order on notice.